# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# GREENEVILLE DIVISION

| | |
|---|---|
| MYRTLE MARIE HUGHES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| PRUDENTIAL INSURANCE | ) |
| COMPANY OF AMERICA and | ) |
| NINA WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant The Prudential Insurance Company of America, originally named incorrectly as "Prudential Insurance Co. of America" ("Prudential"), through its undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully notices the removal of the captioned action to the United States District Court for the Eastern District of Tennessee from the Chancery Court for Sullivan County, Tennessee. The grounds for removal are as follows:

1. Upon information and belief, on or about September 11, 2013, Plaintiff Myrtle Marie Hughes ("Plaintiff") filed a Complaint ("Complaint") in the Chancery Court for Sullivan County, Tennessee, naming Prudential and Nina Williams as Defendants (the "State Court Action"). *A copy of the Complaint was first received by Prudential on September 18, 2013 and is annexed hereto as* **Exhibit A** *in accordance with 28 U.S.C. § 1446(a).*

2. This Court has original federal question jurisdiction over the State Court Action under the provisions of 28 U.S.C. § 1331, which gives the District Court jurisdiction over actions arising under the laws of the United States.

## THE PARTIES

3. Plaintiff was at the time the State Court Action was commenced, and currently is, a resident of Roan Mountain, Tennessee.

4. Prudential was at the time the State Court Action was commenced, and currently is, a corporation organized and existing under the laws of New Jersey with its principal place of business in New Jersey.

5. Defendant Nina Hughes (a/k/a Nina Williams) ("Nina Hughes") was at the time the State Court Action was commenced, and currently is, a resident of Haymarket, Virginia. Nina Hughes has consented to the removal of the State Court Action to the United States District Court, Eastern District of Tennessee.

6. On or about September 18, 2013, Prudential received notice of the State Court Action by receiving a copy of the Summons and Complaint by Certified Mail through its registered agent of process. Accordingly, this Notice of Removal, filed within the thirty-day period prescribed by 28 U.S.C. § 1446, is timely.

## THE STATE COURT ACTION

7. The Complaint alleges that Plaintiff is entitled to the proceeds of a life insurance policy (the "Death Benefit") issued by Prudential through the Office of Servicemembers' Group Life Insurance ("OSGLI") that became payable as a result of the death of Dulaney Hughes (the "Insured"). Prudential, through OSGLI, provides Group Life insurance benefits pursuant to the Servicemembers Group Life Insurance ("SGLI") statute, 38 U.S.C. 1965 et seq., to the United States Department of Veterans Affairs under group policy number G-32000 (the "Plan"). *See Complaint, Exhibit A.*

## THIS COURT'S REMOVAL JURISDICTION

8. Title 28 U.S.C. § 1441(a), (b) and (c), provide the basis for removal jurisdiction to this Court. Plaintiff alleges claims to recover certain Veterans Group Life Insurance ("VGLI") benefits under a plan which is governed by Title 38 of the United States Code (Servicemembers' Benefits).

9. In the State Court Action, Plaintiff alleges claims to recover certain VGLI plan benefits. The Servicemembers' Group Life Insurance Act ("SGLIA"), 38 U.S.C. §§ 1965 *et seq.*, preempts state law causes of action concerning VGLI benefits. *See Ridgway v. Ridgway*, 454 U.S. 46, 57 (1981) ("the controlling provisions of the SGLIA prevail over and displace inconsistent state law"); *Cotton v. Prudential Insurance Company of America*, 391 F.Supp. 2d 1137, 1140 (N.D. Cal. 2005) ("the majority of courts have held that when a complaint seeks to recover benefits pursuant to a [VGLI] policy, the claim arises under federal law"). Therefore, this Court has original federal question jurisdiction under 28 U.S.C. § 1331.

10. The timing requirements of 28 U.S.C. § 1446(b) have been satisfied in that this Notice of Removal has been filed with this Court within thirty (30) days after service of the Complaint upon Prudential. The time for filing this Notice of Removal has not expired under 28 U.S.C. § 1446(b).

11. The United States District Court for the Eastern District of Tennessee is the appropriate court to which this action should be removed because this district is the district embracing actions filed in the Chancery Court for Sullivan County, Tennessee.

12. A true and correct copy of this Notice of Removal is being served upon Plaintiff and Defendant Nina Hughes (a/k/a Nina Williams) as required by law under 28 U.S.C. § 1446(d).

13. A true and correct copy of this Notice of Removal is also being filed promptly with the Clerk of the Chancery Court for Sullivan County, at Bristol, Tennessee, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Prudential hereby removes this action, currently pending in the Chancery Court for Sullivan County, at Bristol, Tennessee.

Respectfully Submitted,

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

/s/ David L. Johnson
David L. Johnson (#18732)
Suite 1600
The Pinnacle at Symphony Place
150 3rd Avenue South
Nashville, TN 37201
Direct: (615) 651-6731
Fax: (615) 651-6701
David.Johnson@butlersnow.com

*Counsel for Defendant The Prudential Insurance Company of America*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been served via U.S. Mail postage prepaid, upon the following:

Frank L. Slaughter, Jr.
324 6th Street
Bristol, TN 37620

Thomas R. Banks
Banks & Banks
P.O. Box 400
Elizabethton, TN 37644

on this 8th day of October, 2013.

/s/ David L. Johnson
David L. Johnson

ButlerSnow 17932482v1